Dear Representative Hardy:
Our office received an opinion request from you concerning the Open Meetings Law. More particularly, your questions concern the proper procedures for amending the agenda after the agenda has been posted pursuant to La.R.S. 42:19(A)(b)(i) and the remedies available if a violation of the Open Meetings Law has occurred.
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:12 et seq., was enacted by the Louisiana Legislature to protect and define the scope of the constitutional right of access to observe the deliberations of public bodies.
La.R.S. 42:19 requires that all public bodies provide written public notice of meetings no later than twenty-four hours before the meeting. The procedure for amending the agenda within that time period is set forth in La.R.S. 42:19(A)(1)(b)(ii), which provides:
Such notice shall include the agenda, date, time, and place of the meeting, provided that upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. Any such matter shall be identified in the motion to take up the matter not on the agenda with reasonable specificity, including the purpose for the addition to the agenda, and entered into the minutes of the meeting. Prior to any vote on the motion to take up a matter not on the agenda by the public body, there shall be an opportunity for public comment on any such motion in accordance with R.S. 42:14 or 15. The public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of this Chapter. *Page 2 
As described above, it is permissible for a public body to amend the agenda to add an item which was not contained on the agenda posted twenty-four hours before the meeting. However, in order to amend the agenda, the statute requires that all members of the public body present at the meeting unanimously vote to add such item to the agenda, the item added must be identified with reasonable specificity, including the reason such item was added. This information must be reflected in the minutes. Additionally, before there is a vote on the motion to take up the matter which was not on the agenda, the public body must allow for public comment. As noted above, the public body shall not use its authority to amend the agenda as a subterfuge to defeat the purposes of the Open Meetings Law.
You have also asked what remedies are available if a violation of the Open Meetings Law has occurred. The available remedies are described by La.R.S. 42:26, which provides:
A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
(1) A writ of mandamus.
(2) Injunctive relief.
(3) Declaratory judgment.
(4) Judgment rendering the action void as provided in R.S. 42:24.
(5) Judgment awarding civil penalties as provided in R.S. 42:28.
B. In any enforcement proceeding the court has jurisdiction and authority to issue all necessary orders to require compliance with, or to prevent noncompliance with, or to declare the rights of parties under the provisions of this Chapter. Any noncompliance with the orders of the court may be punished as contempt of court.
C. If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof. If the court finds that the proceeding was of a frivolous nature and was brought with no substantial justification, it may award reasonable attorney fees to the prevailing party.
Section A of the above statute describes that a plaintiff may seek and a court may grant: a writ of mandamus; injunctive relief; a declaratory judgment; a judgment awarded the action void; and/or a judgment awarding civil penalties. *Page 3 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:______________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB